```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


SAVANNAH WILSON,                 :

     Plaintiff,                  :

v.                               :   Civil Action No. GLR-12-824

UNITED STATES OF AMERICA,        :

     Defendant.                  :
```

## MEMORANDUM OPINION

Now pending before the Court is a Motion filed by the Plaintiff, Savannah Wilson ("Wilson"), to amend the *ad damnum* clause in her Amended Complaint. The Defendant, United States of America, has filed an Opposition thereto. (ECF No. 24). The Motion is ripe for disposition. A hearing is unnecessary. See Local Rule 105.6 (D.Md. 2011). For the reasons outlined below, the Motion to Amend the *Ad Damnum* Clause Based on New Evidence (ECF No. 19) will be denied.

### I. PROCEDURAL HISTORY

This matter arises out of an alleged instance of medical malpractice in the delivery of Wilson's son, L.W., on April 15, 2009,[1] which led to permanent injury of his left arm. Wilson alleges that Dr. Ziad Emil Abou Haidar, a United States

---

[1] Plaintiff's Motion states that the delivery date is April 13, 2009 (see Pl.'s Mot. to Amend ["Pl.'s Mot."] at 1), but the reports attached to the Motion and Defendant's Opposition list the date as April 15, 2009 (see Pl.'s Mot. Ex. Nos. 1-3; Def.'s Opp'n to Pl.'s Mot. at 3, ECF No. 24).

employee, caused the damage by failing to exercise the appropriate standard of care during delivery.

On April 8, 2011, Wilson filed an administrative claim and supporting documents with the United States Department of Health and Human Services Claims Office ("HHS"), seeking compensation for the alleged medical malpractice by Dr. Haidar.  The administrative claim sought $2,080,355.00 in damages.  Wilson calculated this sum certain partially based upon life-care and vocational expert reports she received on April 7 and 8, 2011, respectively.

HHS received Wilson's claim on April 11, 2011, and denied it on October 4, 2011.  As a result of the denial, Wilson filed the instant action. [2]  The original Complaint, filed on March 16, 2012, alleges one-count of medical negligence against the Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) & 2671-80 (2012).  (See Compl., ECF No. 1).  On September 25, 2012, Wilson filed an Amended Complaint adding lack of informed consent as an additional count.  (See Am. Compl., ECF No. 17).  Both Complaints seek

---

[2] On April 23, 2010, Wilson first filed suit against Dr. Haidar and the Western Maryland Hospital System Corporation in the Circuit Court for Alleghany County, Maryland.  The United States removed the action to this Court on September 20, 2010. On September 24, 2010, the United States filed a Motion to Dismiss for failure to exhaust administrative remedies.  Wilson subsequently filed a Notice of Dismissal, which was approved by this Court on October 1, 2010.

money damages totaling the administrative claim amount of $2,080,355.00, along with interest and costs. Wilson now seeks to increase this amount to $3,497,545.07 based upon an economist report she obtained in the course of discovery.

## II.  ANALYSIS

Wilson argues that she should be entitled to increase the *ad damnum* clause in her Amended Complaint based upon her economic expert's evaluation of future economic losses as well as past medical bills and non-economic damages. The economic expert report, dated October 4, 2012, relies upon the life-care and vocational expert reports Wilson received prior to filing the administrative claim. Wilson contends that, based upon her receipt of the reports so close to the April 13, 2011, administrative filing deadline, she was unable to have an economist evaluate and/or discover her economic losses prior to submitting a claim. As a result, Wilson argues, the economic expert report constitutes "newly-discovered evidence" for the purpose of allowing her to seek damages in excess of the amount sought in her administrative claim, pursuant to 28 U.S.C. § 2675(b) (2012).

Defendant counters that the expert report and/or opinion is not "newly discovered evidence" under § 2675(b). Specifically, the Defendant argues that the economic expert report, in and of itself, is not "newly-discovered evidence" because the

3

underlying facts forming the basis of the opinion were known to the Plaintiff prior to, and during the pendency of, the administrative claim.  Further, Defendant argues that Wilson did exercise the opportunity to amend her administrative claim and seek a higher amount in damages through submission of the economist's report while the administrative claim was pending.  This Court agrees.

Prior to bringing suit against the United States in federal court, a claimant must first exhaust his or her administrative remedies by presenting a claim to the appropriate federal agency.  See 28 U.S.C. § 2675(a) (2012).  A critical element of an administrative claim is that the claim for money damages must be in a sum certain.  Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000).  One of the goals of an administrative claim requirement is to provide the government with notice of its "maximum possible exposure to liability" and to allow the government to be "in a position to make intelligent settlement decisions."  Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988) (quoting Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986)).

There are two exceptions to this sum certain requirement as correctly pointed out by the parties.  The first is when the amount increased is based upon "newly discovered evidence" not "reasonably discoverable" at the time of presenting the claim to

the federal agency, or when the plaintiff can allege and prove "intervening facts" related to the amount of a claim. 28 U.S.C. § 2675(b) (2012). The plaintiff bears the burden of showing that one or both of these exceptions apply. Kielwien v. United States, 540 F.2d 676, 680 (4th Cir. 1976).

Applying the facts to the aforementioned law in this case, Wilson fails to meet her burden. First, the life-care plan and vocational report, as well as the economist report, fail to present any "newly discovered" evidence. Wilson possessed all of the information, including the raw data which supported the economist's report, prior to the submission of the administrative claim and certainly during its pendency. As a result, all of the alleged increased damages could reasonably have been ascertained before the administrative claim was filed. Furthermore, Wilson presents no evidence of any "intervening fact" which would justify allowing the amendment to be granted.

The Court also agrees with the Defendant that equitable considerations favor denying the Motion. The regulations allow a claimant to amend his or her administrative claim at any time prior to final action by the individual agency. See 45 C.F.R. § 35.2(b) (2012); 28 C.F.R. § 14.2(c) (2012). Wilson fails to provide a satisfactory explanation or support for any "intervening fact" or any evidence that the information by the economist "was not reasonably discoverable." Wilson also fails

to provide any explanation as to why she failed to amend her administrative claim while it was pending with the agency.  Her failure to amend negated any notice of the increase in damages and knowledge of the potential economic exposure.  This notice is an essential purpose behind the administrative exhaustion requirement of the FTCA.

### III.  CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Amend *Ad Damnum* Clause Based on New Evidence is hereby DENIED.  (ECF No. 19).  A separate Order follows.

Entered this 28th day of December, 2012

/s/
_____
George L. Russell, III
United States District Judge